IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL S. WILSON, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 04-0986-CV-W-RED-SSA |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) |
|       Defendant. | ) |

## ORDER

Plaintiff Michael S. Wilson ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and his request for disability insurance benefits under Title II, 42 U.S.C.§ 401 *et seq.* Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues that the ALJ and Appeals Council erred in three distinct ways. First, the Appeals Council erred by ignoring the opinion of Dr. Hucke, the Plaintiff's treating psychiatrist. Second, that the ALJ's credibility finding was not supported by substantial evidence on the record as a whole. Finally, that the testimony of the vocational expert ("VE") was not supported by substantial evidence on the record as a whole.

*A. Dr. Hucke's Opinion*

Plaintiff first contends that the Appeals Council erred by not fully considering a June 10, 2004 letter written by Dr. Hucke, Plaintiff's treating psychiatrist. As a result, Plaintiff contends that the Council's finding that he was not disabled was not supported by substantial evidence on the record as a whole.

The authority of this Court to review decisions of the Appeals Council is quite limited. Once it is clear that the Appeals Council has considered newly submitted evidence, the Court does not

-3-

evaluate the Council's decision to deny review. Instead, the role of the Court is limited to deciding whether the ALJ's determination is supported by substantial evidence on the record as a whole, including new evidence submitted after the determination was made. *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

The "new evidence" cited by Plaintiff is a one page letter dated June 10, 2004, written by Dr. Hucke. There is no reference in the letter to any particular medical finding or examination. The essence of the letter is the conclusory statement made in reference to the April 2001 to April 2003 time period that, "I do not believe that Mr. Wilson was capable of competitive employment during that time." It is interesting to note that Plaintiff did provide some records from Dr. Hucke to the ALJ. The records reflected office exam notes for July 26, September 20 and November 15, 2003. There were no records provided for Dr. Hucke for the April 2001 to April 2003 time period.

The ALJ considered the medical records of Dr. Hucke. There is nothing about the June 10, 2004, letter and its conclusory opinion that would add any material information to what the ALJ considered at the time of the hearing. While the opinion of a treating physician is entitled to substantial weight, it is not conclusive and clearly must be supported by at least some medically acceptable clinical or diagnostic data, of which there was none.

For these reasons, the Court finds that even with consideration given to the "new evidence" the decision of the ALJ would be the same and is supported by substantial evidence on the record as a whole.

### *B. ALJ's Credibility Finding*

Plaintiff next contends that the ALJ did not properly evaluate the credibility of Plaintiff's subjective complaints according to the guidelines set forth in *Polaski v. Heckler*, 751 F.2d 943, 948

-4-

Case 4:04-cv-00986-RED   Document 10   Filed 12/20/05   Page 4 of 9

(8th Cir. 1984). As a result, the ALJ's decision was not supported by substantial evidence on the record as a whole.

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). The Eighth Circuit has held that "where adequately explained and supported, credibility findings are for the ALJ to make." *Lowe v. Apfel,* 226 969, 972 (8th Cir. 2000). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996).When an ALJ assesses a claimant's subjective complaints relating to nonexertional impairments, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (2004). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See id.* However, the adjudicator may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question is not whether the claimant actually experiences the subjective complaints alleged, but whether those

-5-

Case 4:04-cv-00986-RED   Document 10   Filed 12/20/05   Page 5 of 9

symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). The rules do not require that the ALJ mention and analyze each element of *Polaski* independently. *See Brown v. Charter*, 87 F.3d 963, 966 (8th Cir. 1996). However, an ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole. Consequently, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Basinger v. Heckler*, 725 F.2d 1166, 1170 (8th Cir. 1984). Where an ALJ specifically discredits a Plaintiff's testimony for stated reasons, the Court normally defers to the ALJ's determination of credibility. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991).

Here, the ALJ found that Plaintiff's "allegations of disability are not consistent with the medical signs and therefore not credible." The ALJ first considered Plaintiff's alleged disabilities related to pancreatitis and a pancreatic abscess, both of which required surgery. Plaintiff claimed that he still had stents from pancreatic surgery in his abdomen and that he would still experience pain related to the surgery from time to time. However, the ALJ found that the medical evidence demonstrated Plaintiff made a good recovery after surgery for this condition and that a follow up note showed that his condition was stable and that he was doing well. Furthermore, Plaintiff had no recorded complaints of abdominal pain until after July 15, 2003, several months after he returned to work. Such findings support the ALJ's position that Plaintiff was not disabled due to complications from his pancreatitis, a pancreatic abscess, or related surgeries.

The ALJ next considered Plaintiff's alleged disability due to a back injury that Plaintiff either

suffered in or aggravated by a car injury in July 2001. Plaintiff claims the injuries caused him "permanent residual weakness" and difficultly with repetitive hand, wrist and arm movement due to carpal tunnel syndrome. The ALJ's review of the record indicated that a physical examination of Plaintiff noted limited range of motion in the neck and lower back, but straight leg raising testing was negative. He was diagnosed with a neck strain or sprain. Treatment included physical therapy, and chiropractic adjustment. Treatment notes indicated there was a reduction of Plaintiff's pain to a one (1) on a pain scale of 1 to 10, with a marked increase in cervical spine motion and a marked decrease in discomfort. It is also noted that on October 1, 2001, Plaintiff reported to his physical therapist that his "hands are feeling much better." Such findings are inconsistent with Plaintiff's claim that he is disabled due to a back injury or carpal tunnel syndrome. For these reasons, the Court finds that the ALJ's credibility determination was supported by substantial evidence in the record.

Finally, Plaintiff alleges disability caused by depression and anxiety. According to Plaintiff, he was diagnosed with depression following his pancreatic surgery in 1995 and had intermittently received treatment for symptoms of depression over the years. He alleges these impairments caused him to avoid being around people, and that at times, he did not feel up to doing anything and would remain confined in his house for days on end. Most notably, according to Plaintiff, was a psych report of Dr. R. Holzschuh in December 2001 that noted that Plaintiff was a:

> 39-year old man whose speech and movement are extremely slow and blocked, and [although] thought processes were very disorganized, gives the impression of being both physically and mentally impaired to care adequately for himself. Both intermediate and long term memory are very poor. He is able to understand but unlikely can [sic] remember instructions. Concentration is very poor and persistence at tasks is limited. Social interaction was very appropriate but withdrawn and he is highly unlikely to be able to adapt to changes in his environment. (Tr. 239-40).

However, there is nothing in any of Plaintiff's other treatment records that supports this diagnosis or any other claims of disability related to depression and anxiety. In fact, the record is bare of any treatment until July 26, 2003, five months after Plaintiff returned to work. The only evidence presented that Plaintiff was treated during the period of alleged disability is the letter from Dr. Hucke dated June 10, 2004. Yet, there are no medical records to support this letter. Since the record contains no history of treatment for depression or anxiety during the alleged period of disability, the absence of any evidence of ongoing counseling or psychiatric treatment disfavors a finding of disability. *Roberts v. Apfel,* 222 F.3d 466, 469 (8th Cir. 2000).

Furthermore, the ALJ noted that Plaintiff had worked for a number of years with his alleged disability prior to the claimed period of disability, and was said to still be suffering from the disability when he resumed work in 2003. Where an individual has worked with an impairment over a period of years, absent significant deterioration, it cannot be considered disabling at present. *Nelson v. Sullivan*, 966 F.2d 363, 370 (8th Cir. 1992). Therefore, for all the above stated reasons there is substantial evidence in the record to support the ALJ's finding that Plaintiff was not disabled due to a mental disorder.

*C. VE's Testimony*

Plaintiff's final contention is that the testimony of the Vocational Expert (VE) is not based on substantial evidence because it failed to consider all of Plaintiff's alleged impairments. Here, the alleged impairments that Plaintiff claims were not included in the ALJ's proposed hypothetical to the VE include Plaintiff's back injury, carpal tunnel syndrome, and the extent of Plaintiff's limitations caused by depression and anxiety; *i.e.*, that those illnesses often caused him to miss work and show up late.

-8-

Case 4:04-cv-00986-RED   Document 10   Filed 12/20/05   Page 8 of 9

The testimony of a vocational expert is required when a claimant has satisfied her initial burden of showing that she is incapable of performing her past relevant work. *Johnston v. Shalala*, 42 F.3d 448, 452 (8th Cir. 1994). A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ. *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001). The hypothetical question must capture the concrete consequences of the claimant's deficiencies. *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997). Likewise the ALJ may exclude any alleged impairments that he has properly rejected as untrue or unsubstantiated. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997).

In this case the ALJ included the impairments he found credible and excluded those he had determined to be not credible. His determination of credibility was supported by substantial evidence as discussed above. Therefore, the hypothetical question posed to the vocational expert was proper.

## IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's decision as a whole. Accordingly, it is hereby:

ORDERED that the decision of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED.**

DATE:     December 20, 2005           */s/ Richard E. Dorr*
                                      RICHARD E. DORR, JUDGE
                                      UNITED STATES DISTRICT COURT